# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL J. RUSSELL, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD LOPEZ, *et al.*, <br><br> Defendants. | Case No. 15-cv-02280-BAS-KSC <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> **[ECF Nos. 28, 34]** |

Defendants Carrion and Hodge filed this Motion to Dismiss arguing that Plaintiff's Section 1983 claim was barred by *Heck v. Humphrey,* 512. U.S. 477 (1994). (ECF No. 28.) Defendant Doren filed a Notice of Joinder to this Motion. (ECF No. 34.) Carrion and Hodge were later dismissed from the action, but the Court allowed Defendant Doren's Joinder to remain a valid motion. (ECF No. 72.) For the reasons stated below, the Court now **DENIES** this Motion to Dismiss.

## I. STATEMENT OF FACTS

Plaintiff Russell, an inmate at R.J. Donovan Correctional Facility ("Donovan"), was involved in an incident with Correctional Officer Lopez. Attached to Plaintiff's First Amended Complaint ("FAC") are the various reports of this incident. (ECF No. 21.) Plaintiff was found guilty of battery on C.O. Lopez

– 1 –

and sentenced to 150 days loss of behavioral credit. (ECF No. 21 at 19.) The battery charges are supported by reports indicating that when C.O. Lopez attempted to handcuff Plaintiff, Plaintiff resisted and struck Lopez with his fist. (*Id.*)

Defendant Doren was not the victim of this battery. Instead, he was a witness who was called in to help handcuff Plaintiff after the battery occurred. (ECF No. 21 at 36.) Plaintiff claims that Doren used excessive force against him "by slamming his knee in Inmate Russell's side and slamming Inmate Russell's legs." (FAC, Count 1.)

## II. ANALYSIS

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Courts may not usually consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995), *superseded by statute on other grounds*.

### B. *Heck v. Humphrey*

Under *Heck v. Humphrey*, a civil rights claim is disallowed if rendering a judgment for a plaintiff would necessarily imply that a previous conviction or sentence is invalid. 512 U.S. 477, 489 (1994). This rule has also been invoked in prison disciplinary hearings involving good-time credits. *Edwards v. Balisok,* 520

U.S. 641, 648 (1997). However, when a civil rights claim does not necessarily implicate the underlying disciplinary action, it may proceed. *See Muhammad v. Close,* 540 U.S. 749, 754-55 (2004).

In *Cunningham v. Gates,* 312 F.3d 1148 (9th Cir. 2002), cited by Defendants in this Motion to Dismiss, the Ninth Circuit found that *Heck* barred a prisoner, convicted of felony murder and resisting arrest, from bringing his civil rights excessive force claim because his underlying conviction required proof of an "intentional provocative act" which was defined as "not in self defense." *Cunningham,* 312 F.3d at 1152. Essentially, a finding that the police used unreasonable force while effecting the plaintiff's arrest, the court held, would "call into question" the validity of factual disputes which had necessarily already been resolved in the criminal action against him. *Id.* at 1154.

However, in *Smith v. City of Hemet,* 394 F.3d 689 (9th Cir. 2000), the Ninth Circuit considered whether a prisoner's excessive force allegations were barred by *Heck* after pleading guilty to resisting arrest pursuant to Cal. Penal Code §148(a)(1). The *Smith* court reasoned:

> A conviction based on conduct that occurred *before* the officers commence the process of arresting the defendant is not "necessarily" rendered invalid by the officers' subsequent use of excessive force . . . . Similarly, excessive force used *after* a defendant has been arrested may properly be the subject of a §1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted.

*Id.* at 696 (emphasis in original). Accordingly, the *Smith* court found that "Smith's §1983 action is not barred . . . because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction." *Id.* at 693. Under the circumstances, the Ninth Circuit held that Smith's §1983 action "neither demonstrated nor necessarily implied the invalidity of his conviction." *Id.*; *see also Sanford v. Motts,* 258 F.3d 1117, 1120

– 3 –

(9th Cir. 2001) ("If [the officer] used excessive force subsequent to the time Sanford interfered with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction. *Heck* is no bar.")

The core judicial inquiry, in a § 1983 excessive force claim is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992). "When prison officials maliciously and sadistically use force to cause harm," the U.S. Supreme Court has recognized, "contemporary standards of decency always are violated." *Hudson,* 503 U.S. at 9. "[T]he test for whether force is reasonable or excessive is 'whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Hooper v. Cnty. of San Diego,* 629 F.3d 1127, 1133 (9th Cir. 2011) (quoting *Graham v. Connor,* 490 U.S. 386, 397 (1989).

Defendant Doren argues that finding his use of force was unwarranted, as Plaintiff alleges in the FAC, "would be at odds with the finding that the officers used force in an attempt to control Plaintiff's violent resistance, and with the finding that in the course of Plaintiff's violent resistance, Plaintiff used physical violence (battery on one of the officers) which necessitated their use of force." (ECF No. 28, pg. 5.) The Court disagrees.

Doren was not the victim of the battery, and a jury could find that Doren's conduct occurred after Plaintiff was subdued. Thus a finding of excessive force would not be inconsistent with the battery conviction. Or a jury could find that, regardless of Plaintiff's battery against Lopez, the amount of force used by Doren was not applied in a good faith effort to restrain or restore discipline, but was applied maliciously and sadistically to cause harm. Therefore, rendering a judgment for Plaintiff in this civil rights case would not necessarily imply that the battery conviction was invalid, and *Heck* is inapplicable.

– 4 –

15cv2280

## IV. CONCLUSION

For the foregoing reasons, Defendant Doren's Motion to Dismiss (ECF Nos. 28, 34.) is **DENIED.**

**IT IS SO ORDERED.**

DATED: September 25, 2017

Hon. Cynthia Bashant
United States District Judge