# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL J. RUSSELL,<br><br>                        Plaintiff,<br><br>  v.<br><br>RICHARD LOPEZ, *et al*.,<br><br>                        Defendants. | Case No. 15-cv-02280-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS [ECF No. 79]**<br><br>**AND**<br><br>**(2) GRANTING MOTION FOR SUMMARY JUDGMENT [ECF No. 78]** |

Plaintiff, an inmate at R.J. Donovan Correctional Facility ("Donovan") claims that Correctional Officers Lopez and Strong gave him an "unwarranted beating" resulting in excessive force in violation of the Eighth Amendment. (ECF No. 21 at 3.)[1] Defendants Lopez and Strong move to dismiss alleging the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 79.) Defendants further move for summary judgment for failure to exhaust administrative remedies. (ECF

---

[1] All other Defendants in the First Amended Complaint have been dismissed by Plaintiff from the lawsuit. (ECF Nos. 51, 87.)

– 1 –

No. 78.) Plaintiff opposes. (ECF Nos. 81, 82, 91.)[2] For the reasons stated below, the Court grants both the motion to dismiss (ECF No. 79) and the motion for summary judgment (ECF No. 78).

I. FACTUAL BACKGROUND

A. Underlying Altercation

Plaintiff alleges Correctional Officers Lopez and Strong gave him an "unwarranted beating." (ECF No. 21 at 3.) He attaches numerous documents to his Complaint detailing an altercation that occurred between him and the Officers on February 18, 2015. (ECF No. 21 at 18–23.) According to Plaintiff's statements attached to his Complaint, he was asked by Officer Lopez to "cuff up." (ECF No. 21 at 69.) When he asked Officer Lopez why and "was trying to understand what [Officer Lopez] was talking about," Officer Lopez "then grabbed me and threw me to the floor." (*Id*.) Other officers were called in to help "subdue" Plaintiff and "helped [Officer Lopez] to beat on me with their fists against my head until I was at the point of blacking out." (*Id*.) Plaintiff claims "their [sic] was No reason for the type of force upon my person." (*Id*. (emphasis original).)

Plaintiff was charged with battery on Officer Lopez in connection with this incident. (ECF No. 21 at 153.) He pled guilty to Penal Code sections 664 and 69 (attempting to obstruct or resist on executive officer in the performance of his

---

[2] To the extent Plaintiff asks the Court to "grant a motion to continue and to allow Plaintiff time to finish 602 appeal," (ECF No. 91), that request is denied. Defendants' motions were filed on September 27, 2017. Plaintiff filed his first response on November 17, 2017. (ECF Nos. 81, 82.) On December 8, 2017, the Court allowed Plaintiff additional time, until February 20, 2018, to file additional authorities. (ECF No. 83.) Plaintiff then requested additional time to file a surreply, which the Court granted. (ECF No. 90.) Plaintiff was given until April 20, 2018 to file a surreply, but he was told no further requests for extension of time would be granted absent exigent circumstances. (*Id*.) Plaintiff then filed his surreply, but asks for an additional continuance. (ECF No. 91.) The Court has given Plaintiff seven months to file two sets of responses to the motions. Plaintiff fails to present any reason, let alone exigent circumstances, for the request. Therefore, it is denied.

– 2 –

duties). (ECF No. 21 at 157–159.) As part of the factual basis for his plea, Plaintiff admitted that he "unlawfully ma[de] an attempt to resist/delay an officer performing his lawful duties by force." (ECF No. 21 at 159.)

### B. Administrative Appeal

Plaintiff filed a grievance alleging that Officers Lopez and Strong attacked him on February 18, 2015, and that they used excessive force. (Declaration of B. Self, ECF No. 78-2 ("Self Decl.") ¶7a.) The grievance was partially granted, on the claims of excessive force, for the second level of review. (*Id*.) However, the appeal was screened out at the third level because it was incomplete. (Self Decl. ¶7a.)[3] Specifically, Plaintiff was notified that "[y]our appeal has been rejected . . . . Your appeal is missing necessary supporting documents . . . . you may obtain cop(ies) of requested documents by sending request with a signed trust withdrawal form to your assigned counselor." (Declaration of M. Voong, ECF No. 78-3 ("Voong Decl.") ¶9, Ex. 1.) Plaintiff was specifically told that the appeal was missing CDCR Form 1858, Rights and Responsibilities Statement. (*Id*.) There is no evidence that Plaintiff followed up after this level of appeal was rejected.

In his Response to the Motion for Summary Judgment, Plaintiff claims that "I was harassed by staff and threaten physically and mentally not to engage in 602 or any other complaint towards these officers. I was also threaten by these officers not to take this case to trial and to sign the plea deal, or they will personally or get co-workers to 'get me' somehow." (ECF No. 81 at 1.)

## II. ANALYSIS

### A. Motion to Dismiss

#### 1. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[3] Plaintiff also filed a grievance raising the same issue two days after the one referenced above. This second appeal was cancelled because it was duplicative of the above grievance. (Self Decl. ¶7b.)

– 3 –

Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Courts may not usually consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995), *superseded by statute on other grounds*. Plaintiff attaches several documents to his Complaint, which the Court will consider as part of this motion.

### 2. *Heck v. Humphrey*

Under *Heck v. Humphrey*, a civil rights claim is disallowed if rendering a judgment for a plaintiff would necessarily imply that a previous conviction or sentence is invalid. 512 U.S. 477, 489 (1994). This rule has also been invoked in prison disciplinary hearings involving good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). However, when a civil rights claim does not necessarily implicate the underlying disciplinary action, it may proceed. *See Muhammad v. Close*, 540 U.S. 749, 754–55 (2004).

In *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002), the Ninth Circuit found that *Heck* barred a prisoner, convicted of felony murder and resisting arrest, from bringing his civil rights excessive force claim because his underlying conviction required proof of an "intentional provocative act" which was defined as "not in self-defense." *Cunningham*, 312 F.3d at 1152. Essentially, a finding that the police used unreasonable force while effecting the plaintiff's arrest, the court held, would "call into question" the validity of factual disputes which had necessarily already been resolved in the criminal action against him. *Id*. at 1154.

However, in *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2000), the Ninth Circuit considered whether a prisoner's excessive force allegations were barred by *Heck* after pleading guilty to resisting arrest pursuant to California Penal Code §148(a)(1). The *Smith* court reasoned:

> A conviction based on conduct that occurred before the officers commence the process of arresting the defendant is not "necessarily" rendered invalid by the officers' subsequent use of excessive force . . . . Similarly, excessive force used after a defendant has been arrested may properly be the subject of a §1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted.

*Id.* at 696 (emphasis original). Accordingly, the *Smith* court found that "Smith's §1983 action is not barred . . . because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction." *Id.* at 693. Under the circumstances, the Ninth Circuit held that Smith's Section 1983 action "neither demonstrated nor necessarily implied the invalidity of his conviction." *Id.*; *see also Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) ("If [the officer] used excessive force subsequent to the time Sanford interfered with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction. *Heck* is no bar.").

In this case, Plaintiff pled guilty to violating California Penal Code Section 69 in his altercation with Officer Lopez. (ECF No. 21 at 153–159.) Section 69 has two prongs. First, it prohibits an attempt "by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law." CAL. PEN. CODE §69(a). Second, it prohibits anyone from "knowingly resist[ing] by the use of force or violence, the officer, in the performance of his or her duty." *Id.* "The longstanding rule in California and other jurisdictions is that a defendant cannot be convicted of an offense against a peace officer 'engaged in . . . the performance of . . . [his or her] duties' unless the officer was acting lawfully

– 5 –

at the time the offense against the officer was committed." *In re Manuel G.*, 941 P.2d 880, 885 (Cal. 1997) (quoting *People v. Gonzalez*, 800 P.2d 1159, 1217 (Cal. 1990) (italics omitted)). "If, however, a statute defining an offense does not require that the officer be engaged in the performance of his or her duties, the officer need not have been acting lawfully at the time of the offense." *Id.* at 886. The first prong of Section 69 only prohibits the use of threats to attempt to deter the officer from performing any duty imposed by law. *Id.* Thus, the first prong does not require that the officer be lawfully engaged in the performance of his or her duties at the time the threat is made. *Id.* at 887. However, the second prong specifically requires that the officer be lawfully performing his duties at the time the defendant knowingly resists with force or violence. *Id.* at 886. Thus, the applicability of *Heck v. Humphrey* to Plaintiff's Section 69 conviction depends on the prong to which Plaintiff pleaded guilty.

A look at the factual basis underlying Plaintiff's plea make clear that he pleaded guilty to the second prong. (ECF No. 21 at 159.) In pleading guilty to the second prong, Plaintiff admitted that the Officers in the February 18th incident were acting lawfully—and thus, without excessive force—at the time he attempted to resist them. A finding that Officers Lopez and Strong used excessive force while handcuffing Plaintiff would, in effect, invalidate Plaintiff's admission and conviction for resisting an officer in the performance of his duties.[4] Unlike *Smith v. City of Hemet*, where the Plaintiff had a string of encounters and actions any one of which could have been the one resulting in the resisting arrest conviction, in this case, Plaintiff alleges only one altercation in which the officers attempted to handcuff him. Hence, under *Heck v. Humphrey*, the Complaint must be dismissed.

---

[4] Plaintiff requests that his sentence in the state case for resisting, in violation of California Penal Code §69, be "recalled," but that is not an appropriate request in this court action.

– 6 –

**B. Motion for Summary Judgment**

**1. Legal Standard**

Failure to exhaust administrative remedies is an affirmative defense more appropriately handled in a Motion for Summary Judgment. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* A defendant has the burden to prove that there was an administrative remedy available and that the prisoner did not exhaust that available remedy. *Id.* at 1171. The burden then shifts to the prisoner to show "something in his particular case that made existing and generally available administrative remedies unavailable to him." *Id.* at 1172. Even so, the ultimate burden of showing entitlement to summary judgment for failure to exhaust administrative remedies remains with the defendant. *Id.*

**2. Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") requires exhausting of available administrative remedies before bringing a federal case under Section 1983. 42 U.S.C. §1957e(a). Exhaustion is mandatory and the failure to exhaust administrative remedies requires the district court to dismiss the complaint. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Fully pursuing administrative remedies gives prison authorities an opportunity to correct their own mistakes and promotes efficiency. *Id.* at 89.

"The California Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment: an informal level, a first formal level, a second formal level, and the Director's level." *Vaden v. Summerhill*, 449 F.3d 1047, 1048–49 (9th Cir. 2005) (citing *Brown v. Valoft*, 422 F.3d 926, 929–30 (9th Cir. 2005)). Each of these levels

must be pursued for a prisoner in the California prison system to exhaust administrative remedies. *Id.*

The exhaustion requirement "may . . . be excused under certain limited circumstances where the intervening actions or conduct by prison official render the inmate grievance procedure unavailable." *McBride v. Lopez*, 807 F.3d 982, 984 (9th Cir. 2015). "[F]ear of retaliation may be sufficient to render the inmate grievance procedure unavailable." *Id.* In order for a prisoner to show that he failed to exhaust administrative remedies because of the fear of retaliation, the prisoner must first "provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance." *Id.* at 987. "If the prisoner makes this showing, he must then demonstrate that his belief was objectively reasonable. That is, there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Id.*

In this case, defendants have met their burden of showing that the four-level grievance procedure was available to Plaintiff and that he did not exhaust that remedy because he abandoned the Director's level of review when it was returned to him as missing certain documents. ("Voong Decl.") ¶9, Ex. 1.) Plaintiff's response to this argument appears to be three-fold: (1) he argues that he was threatened by officers not to engage in the appeal process (ECF No. 81 at 1); (2) he claims that he can prove that he sent the 602 appeal to the Director's level "regardless of the outcome" and thus he exhausted administrative remedies (ECF No. 91 at 3); and (3) he asks for a continuance to allow him time to finish his 602 appeal. (ECF No. 91 at 4.) Each of these arguments is not supported by any evidence.

First, Plaintiff makes no allegations about specific threats of retaliation. And, in fact, any argument about fear of retaliation is belied by the fact that he did file a

grievance, which he pursued through to the second level of review. He then filed a federal lawsuit. Therefore, he has failed to show that he actually believed prison officials would retaliate against him if he filed a grievance, or that, if he did, this perception stopped him from pursuing his administrative remedies.

Second, although Plaintiff says he can prove that he did exhaust his administrative remedies, he fails to provide any evidence supporting this claim. It is clear from the record that he did appeal to the Director's Level of review, but when the appeal was returned to him for additional documentary evidence, with instructions on how to obtain that documentary evidence, Plaintiff failed to pursue this avenue. Therefore, Defendants have met their burden of showing that Plaintiff failed to exhaust his administrative remedies.

Finally, Plaintiff asks for a continuance to allow him the opportunity to exhaust his administrative remedies and finish his 602 appeal. However, the Ninth Circuit has made it clear that exhaustion must be accomplished *before* filing a federal lawsuit and not while the lawsuit is pending. *See Vaden v. Summerhill*, 449 F.3d 1047 (Because Vaden filed his federal complaint while his appeal was still pending at the Director's level, his complaint must be dismissed.)

Defendants have met their burden of proving that Plaintiff failed to exhaust his administrative remedies, and Plaintiff has provided no evidence that something in this case made available administrative remedies unavailable to him. Therefore, Defendants are entitled to summary judgment.

### III. CONCLUSION & ORDER

Plaintiff failed to exhaust his administrative remedies and his claims are barred by *Heck v. Humphrey*. Therefore, Defendants' motions to dismiss and for summary judgment are **GRANTED**. (ECF Nos. 78, 79.) Officers Lopez and Strong are both dismissed from the case with prejudice, and judgment is entered in their favor. Since they are the only two remaining defendants left in the case, the Clerk is directed to close this case.

IT IS SO ORDERED.

DATED: May 17, 2018

Hon. Cynthia Bashant
United States District Judge